UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BRADLEY BERNARD, on behalf of
himself and those similarly situated,      CASE NO.:

    Plaintiff,

v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, a Florida Limited Liability
Company, and SCOTT A. HAMILTON,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRADLEY BERNARD, ("Bernard" or "Plaintiff") on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, INTEGRATED EVENT AND PARKING SERVICES LLC, ("Integrated Event") a Florida Limited Liability Company, and SCOTT A. HAMILTON, ("Hamilton") individually, (collectively "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## INTRODUCTION

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their

employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. This is a collective action brought pursuant to 29 U.S.C. § 216(b) and by Plaintiff, individually and on behalf of all other similarly situated persons employed by Defendants arising from Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

3. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

4. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former, of Defendants who worked for Integrated Event at any time during the three-year period before this Complaint was filed up to the present ("Putative Members"). These Putative Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA").

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of Florida because Plaintiff resides within the

District, Defendant maintains business operations within this District and a substantial portion of the events forming the basis of this suit occurred in this District.

8. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9. This action is intended to include each and every hourly paid employee who worked for Defendants at any time within the past three (3) years.

## PARTIES

10. At all times material hereto, Plaintiff was and continues to be a resident of Palm Beach County, Florida.

11. At all times material hereto, INTEGRATED EVENT was and continues to be a Florida Limited Liability Company. Further, at all times material hereto, INTEGRATED EVENT was and continues to be engaged in business in Florida, with its principal place of business in Palm Beach County, Florida.

12. At all times material hereto, HAMILTON was and continues to be a resident of Palm Beach County, Florida.

13. At all times material hereto, HAMILTON owned and operated INTEGRATED EVENT.

14. At all times material hereto, HAMILTON regularly held and/or exercised the authority to hire and fire employees of INTEGRATED EVENT.

15. At all times material hereto, HAMILTON regularly held and/or exercised the authority to determine the work schedules for the employees of INTEGRATED EVENT.

16. At all times material hereto, HAMILTON regularly held and/or exercised the authority control the finances and operations of INTEGRATED EVENT, by virtue of its providing security for events held at South Florida venues.

17. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of INTEGRATED EVENT; (b) determine the work schedules for the employees of INTEGRATED EVENT; and (c) control the finances and operations of INTEGRATED EVENT, HAMILTON is an employer as defined by 29 U.S.C. 201 *et. seq.*

18. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

20. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

21. Defendants were and continue to be "employers" within the meaning of FLSA.

22. At all times material hereto, INTEGRATED EVENT was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

24. At all times relevant hereto, Defendants had more than two employees.

25. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

26. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual

coverage of the FLSA.

27. The additional persons who may become plaintiffs in this action are/were hourly non-exempt employees for Defendants who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

28. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

29. On or about February 2022, Defendants hired Plaintiff to work as a "laborer."

30. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

31. Plaintiff generally worked four to five shifts per week and his shifts were usually 12 hours per shift.

32. From at least February 2022, and continuing through February 3, 2023, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

33. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

34. Plaintiff inquired about whether he was paid overtime and Hamilton and human resources both confirmed that the company did not pay overtime.

35. Plaintiff was terminated shortly inquiring after overtime.

36. Defendants knowingly, willfully, or with reckless disregard carried out its illegal

pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and those similarly situated, as Defendants knew or with reasonable diligence should have known that Plaintiff and other employees should be paid for all of their overtime hours at an overtime rate.

37. Defendants have violated Title 29 U.S.C. §207 from June 2020 through the present, in that:

   a. Plaintiff and one or more of those similarly situated to Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments, or insufficient payments and/or provisions for payment have been made by Defendants to properly compensate Plaintiff and those similarly situated to Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

38. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## **VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

39. Plaintiff re-alleges and reavers paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. From February 2022, and continuing through February 3, 2023, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

42. Specifically, Defendants have a company-wide policy whereby they do not pay any hourly employees overtime compensation when they work in excess of forty (40) hours in a

work week.

43. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

49. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime compensation for hours worked in excess of forty (40) in one or more workweeks because Defendants failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their

7

regular rate of pay for such hours.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated employees employed by Defendants within the past 3 years; and

g. Ordering any other further relief, the Court deems just and proper.

## COUNT II
## DECLARATORY RELIEF

51. Plaintiff realleges and reincorporates paragraphs 1 through 36 as if fully set forth herein.

52. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

53. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief

pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

54. Plaintiff may obtain declaratory relief.

55. Defendants employed Plaintiff.

56. Defendants are an enterprise.

57. Plaintiff was individually covered by the FLSA.

58. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

59. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

60. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

61. Plaintiff is entitled to an equal amount of liquidated damages.

62. It is in the public interest to have these declarations of rights recorded.

63. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

64. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

65. Plaintiff demands a trial by jury.

## **COLLECTIVE ACTION ALLEGATIONS**

66. As part of their regular business practices, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and Putative Members by engaging in a pattern, practice, or policy of violating the FLSA on a collective wide basis, as described above.

67. Plaintiff and Putative Members were all employees in Defendants business and performed the same or similar non-exempt job duties and worked under the same conditions and

subject to the same violations of the FLSA.

68. Many Putative Members regularly worked in excess of forty (40) hours during a workweek.

69. Putative Members were not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

70. As such, Putative Members are similar to Plaintiff in that they shared substantially similar job duties, compensation plan, and the denial of overtime and minimum wage.

71. Although the exact amount of damages may vary among Putative Members, the damages for Putative Members can be easily calculated by a formula. The claims of all Putative Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Putative Members.

72. Plaintiff and the Putative Members were subjected to the same pay provisions in that they were not compensated proper overtime compensation for all hours worked in excess of 40 hours in a work week.

73. Defendants' uniform method of payment to Plaintiff and Putative Members resulted in a violation of the FLSA's minimum and overtime wage provisions.

74. These policies and practices were applicable to Plaintiff and Putative Members.

75. Accordingly, the putative collective is properly defined as:

> **All non-exempt hourly employees who worked for Defendants providing Event Security at any South Florida venue location, during the three years before this Complaint was filed and up to the present.**

76. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum and overtime wages with respect to Plaintiff and the putative collective Members.

## DAMAGES SOUGHT

77. Plaintiff and Putative Members are entitled to recover their unpaid overtime compensation for all hours worked in excess of 40 hours in a workweek.

78. Plaintiff and Putative Members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

79. Plaintiff and Putative Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 6, 2023

Respectfully submitted by:
**MORGAN & MORGAN, P.A**.

By: */s/ Paul M. Botros, Esq*.
Paul M. Botros, Esq.
FBN 063365
Bryan Arbeit, Esq.
FBN 1010329
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:    (954) 318-0268
Facsimile:    (954) 327-3017
Email: pbotros@forthepeople.com
Email: barbeit@forthepeople.com