UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81002-Middlebrooks/Matthewman

BRADLEY BERNARD, on behalf of
himself and those similarly situated,

  Plaintiff,
v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, a Florida Limited Liability
Company, and SCOTT A. HAMILTON,
Individually,

  Defendants.
_____/

## **PLAINTIFFS' STATEMENT OF CLAIM**

Plaintiff, Bradley Bernard by and through the undersigned counsel and in compliance with this Court's Order [D.E. 18], files this Statement of Claim in support of his Complaint and Demand for Jury Trial and further states:

**I. Brief Explanation of the Case:**

This action was brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. At all times relevant hereto, Plaintiff and the other Opt-In Plaintiffs: (i) worked as a non-exempt Event Staffing Personnel; (ii) were paid a straight hourly rate for all hours worked; and (iii) were not paid an overtime premium for all hours worked over forty (40) in a workweek. Plaintiffs contend that Defendant maintained a company policy of refusing to pay its employees the additional overtime premium for all hours worked over forty (40) in a workweek. Therefore, Defendants violated the FLSA by refusing to pay an overtime premium for all hours worked

over forty (40) in a given workweek.

**II.     Plaintiffs' Damage Estimate:**

Plaintiff Bradely Bernard ("Mr. Bernard") estimates that he is owed $3,920.00 in actual overtime damages and an equal amount in liquidated damages resulting from incorrectly paid overtime.  Mr. Bernard was hired in February 2022 for the position of Event Staffing Personnel, paid an hourly rate for all hours worked, and not paid overtime for all hours worked over forty (40) in a workweek.  As an Event Staffing Personnel, Mr. Bernard recalls that he was scheduled to work four or five, 14-hour days per week.  Mr. Bernard held the position from February 2022 through his termination in February 2023 and estimates he worked between 26 to 30 weeks a year. Mr. Bernard regularly worked approximately sixty (60) hours per week (average of 56 to 70hour weeks). Mr. Bernard was paid a straight hourly rate of $14.00 for all hours worked, including hours over 40 in a work week.

To estimate damages, Mr. Bernard multiplied the regular rate of $14.00 by 0.5 resulting in an overtime premium rate of $7.00, and further multiplied the twenty (20) hours of overtime hours worked by the overtime premium rate to obtain the weekly amount of overtime that should have been paid ($140.00).  Then, Mr. Bernard multiplied the weekly amount of overtime that should have been paid by the number of weeks he worked overtime (28 weeks) to arrive at the amount of overtime owed ($3,920.00).  With liquidated damages it would equal $7,840.00.

Opt-In Plaintiff McCoy Cherisma ("Mr. Cherisma") estimates that he is owed $7,840.00in actual overtime damages and an equal amount in liquidated damages resulting from incorrectly paid overtime.  Mr. Cherisma was hired in June 2021 for the position of Event Staffing Personnel, paid an hourly rate for all hours worked, and not paid overtime for all hours worked over forty (40) in a workweek.  As aan Event Staffing Personnel Mr. Cherisma was scheduled to work four

or five, 14-16 hour days per week.  Mr. Cherisma held the position from June 2021 through to the present and estimates he worked between 26 to 30 weeks a year.  Mr. Cherisma regularly worked approximately sixty (60) hours per week..Mr. Cherisma was paid a straight time hourly rate of $14.00 for all hours worked, including hours over 40 in a work week.

Mr. Cherisma multiplied the regular rate of $14.00 by 0.5 resulting in an overtime premium rate of $7.00, and further multiplied the twenty20 (20) hours of overtime hours worked by the overtime premium rate to obtain the weekly amount of overtime that should have been paid ($140.00).  Then, Mr. Cherisma multiplied the weekly amount of overtime that should have been paid by the number of weeks he worked overtime (56 weeks) to arrive at the amount of overtime owed ($7,840.00) With liquidated damages it would equal $15,680.00.

Opt-In Plaintiff Kemar Powell ("Mr. Powell") estimates that he is owed $11,760.00 in actual overtime damages and an equal amount in liquidated damages resulting from incorrectly paid overtime.  Mr. Powell was hired in June 2020 for the position ofEvent Staffing Personnel, paid an hourly rate for all hours worked, and not paid overtime for all hours worked over forty (40) in a workweek.  As an Event Staffing Personnel worker, Mr. Powell was scheduled to work four or five, 14hour days per week.  Mr. Powell held the  position from June 2020 through to the present and estimates he worked between 26 to 30 weeks a year.  . Plaintiff regularly worked approximately sixty (60) hours per week. As an Event Staffing Personnel worker, Mr. Powell was paid a straight hourly rate of $14.00 for all hours worked, including hours over 40 in a work week.

Mr. Powell multiplied the regular rate of $14.00 by 0.5 resulting in an overtime premium rate of $7.00, and further multiplied the twenty (20) hours of overtime hours worked by the overtime premium rate to obtain the weekly amount of overtime that should have been paid ($140.00).  Then, Mr. Powell multiplied the weekly amount of overtime that should have been

paid by the number of weeks he worked overtime (84 weeks) to arrive at the amount of overtime owed ($11,760.00).  With liquidated damages it would equal $23,520.00.

Opt-In Plaintiff Jean Louis ("Mr. Louis") estimates that he is owed $7,840.00 in actual overtime damages and an equal amount in liquidated damages resulting from incorrectly paid overtime.  Mr. Louis was hired in June 2021 for the position of Event Staffing Personnel, paid an hourly rate for all hours worked, and not paid overtime for all hours worked over forty (40) in a workweek.  As an Event Staffing Personnel worker, Mr. Louis was scheduled to work four or five, 14-16 hour days per week.  Mr. Louis held the position from June 2021 through to the present and estimates he worked between 26 to 30 weeks a year.  . Mr. Louis regularly worked approximately sixty (60) hours per week. As an Event Staffing Personnel worker, Mr. Louis was paid a straight time hourly rate of $14.00 for all hours worked, including hours over 40 in a work week.

Mr. Louis multiplied the regular rate of $14.00 by.5 resulting in an overtime premium rate of $7.00, and further multiplied the twenty (20) hours of overtime hours worked by the overtime premium rate to obtain the weekly amount of overtime that should have been paid ($140.00). Then, Mr. Louis multiplied the weekly amount of overtime that should have been paid by the number of weeks he worked overtime (56 weeks) to arrive at the amount of overtime owed ($7,840.00).  With liquidated damages it would equal $15,680.00.

Plaintiff and the Opt-In Plaintiffs did not receive paystubs from Defendants and do not have sufficient records to determine the number of hours actually worked each week.  As such, the foregoing is only an estimate of the amount worked and owed, and Plaintiff and the Opt-In Plaintiffs reserve the right to modify the amount of damages claimed based on additional information received in discovery.

Dated this 22nd day of August 2023.

                                    Respectfully submitted by:
                                    **MORGAN & MORGAN, P.A**.

                                    **By:** */s/ Bryan Arbeit*
                                    Bryan Arbeit, Esq.
                                    FBN 1010329
                                    Paul M. Botros, Esq.
                                    FBN 063365
                                    8151 Peters Road, Suite 4000
                                    Plantation, FL 33324
                                    Telephone:     (954) 318-0268
                                    Facsimile:       (954) 327-3017
                                    Email: pbotros@forthepeople.com
                                    Email: barbeit@forthepeople.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will send notification of such filing to all counsel of record.

                                    **By:** */s/ Bryan Arbeit*
                                                Bryan Arbeit, Esq.