UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:  9:23-cv-81002-DMM

BRADLEY BERNARD, on behalf of
himself and those similarly situated,

      Plaintiff,

v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, a Florida Limited Liability
Company, and SCOTT A. HAMILTON,
Individually,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, BRADLEY BERNARD, for himself and on behalf of those similarly situated, requests the entry of an Order conditionally certifying this action as a collective action, and permitting, under supervision, notice to all employees who worked for Defendant, INTEGRATED EVENT AND PARKING SERVICES, LLC ("Integrated Event") and SCOTT A. HAMILTON, Individually, ("Hamilton") (Collectively "Defendants"), within the three (3) years preceding the date this motion for class certification was filed, and through the close of the notice period, as defined below:

> **All non-exempt hourly employees who worked for Defendants providing Event staffing, parking, and security services at any Florida venue location, during the three years before this Complaint was filed and up to the present.**

Plaintiff seeks to facilitate notice to Event Staffing Personnel who were/are compensated on an hourly basis but were/are not paid proper overtime compensation, as required by the Fair Labor Standards Act ("FLSA"), for all hours worked. Such overtime

1

wages were not paid to the putative collective members because Defendants engage in a companywide policy and practice common to all of Defendants' Event Staffing Personnel since Defendants did not pay any overtime to Defendants' Event Staffing Personnel (hereinafter "Defendants' Policy"). Plaintiff's proposed Class Notice and Consent to Become an Opt-In Plaintiff are attached hereto as **Exhibits A and B**, respectively.

## MEMORANDUM OF LAW

## I.       THE FLSA AUTHORIZES COLLECTIVE ACTIONS

The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). The FLSA provides, in pertinent part, that:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of them self or themselves and other employees similarly situated. ***No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.***

*See id.* (emphasis added). As further set forth below, the initial step to this process is conditional certification and notice to potential class members upon the lenient standard of showing that the class members are similarly situated. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008); *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007).

### A.       Factual Background

Defendants[1] provide "Event staffing, parking, and security services available 24/7 for any occasion. Defendants are a  one-stop solution to completing a successfully organized event such

---

[1]       Defendants are a single employer/joint employer and jointly employed Plaintiff and other similarly situated Event Staffing Personnel. Defendant, Integrated Event and Parking Services,

as concerts, conventions, fairs, sports events, and more" *See* Excerpts from Defendants' website, attached as **Exhibit C** (https://integratedeventandparkingservices.com/). Declaration of Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell[2] ("Powell Dec.") collectively attached as **Composite Exhibit D.**

The primary duties performed by Defendants' Event Staffing Personnel are/were to provide event staffing, parking, and security services available 24/7 for any occasion. Defendants are a one-stop solution to completing a successfully organized event such as concerts, conventions, fairs, sports events, and more *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

Defendants compensate all of their Event Staffing Personnel on an hourly basis. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.") Defendants' Event Staffing Personnel, like Plaintiff and the Opt-In Plaintiffs, worked in excess of forty (40) hours per workweek, but were/are not paid proper overtime compensation. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

---

LLC, is self-described as being a one-stop solution to completing a successfully organized event such as concerts, conventions, fairs, sports events, and more *See* Defendants website (https://integratedeventandparkingservices.com).

[2]   For clarity, reference to declarations (after the declarant has been identified with their full name), will be made by reference to the declarant's last name and reference to the appropriate paragraph of the declaration.

Rather, Event Staff Personnel were paid the same hourly rate regardless of whether they worked in excess of 40 hours.

Defendants maintain a companywide policy that prohibits the Event Staffing Personnel from receiving their hourly compensation for hours worked over 40 HOURS; resulting in unpaid overtime wages. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

Defendants' Policy is a companywide policy that was implemented and enforced by Defendants' companywide officer/owner, Defendant Scott Hamilton. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.")

Plaintiff and three additional similarly situated Event Staffing Personnel that filed their consent to join (collectively, "Plaintiffs") in this putative collective action collectively serviced Defendants' customers in Broward County, Florida and Palm Beach County, Florida and attest to Defendants' pay/recordkeeping policy. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

The Plaintiffs declare that Defendants' payment policy "applie[s] statewide for all of Defendants' event staffing personnel because Defendants' owners and Human Resources specifically advised [the Plaintiffs] that it was Defendants' policy not to compensate their Event Staffing Personnel the overtime premium for hours worked over 40 in a workweek. *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

The Plaintiffs further attest that others putative class members would be interested in joining this case as well "[b]ased on prior conversations and collective objections to Defendants' payment policies."   *See* Bradley Bernard ("Bernard Dec."); Declaration of McCoy Cherisma ("Cherisma Dec."); Declaration of Jean Louis ("Louis Dec."); Declaration of Kemar Powell ("Powell Dec.").

Here, the overwhelming evidence—which includes four declarations from current and/or former Event Staffing Personnel that worked throughout Florida confirms that Defendants' Event Staffing Personnel are similarly situated, subject to the Defendants' Policy which applies to all of Defendants' Events Staffing Personnel companywide, and easily satisfies the lenient standard to proceed with a companywide conditional certification for Defendants' Event Staffing Personnel in this matter.  This relief is consistent with precedent found in this Court, and other District Courts throughout the Eleventh Circuit and beyond.  *See Johnson v. First Coast Pallet, Inc., et. al.* Case No. 3:03-CV-732-25HTS D.E. 36 (M.D. Fla. March 17, 2004), attached as **Exhibit I** (Judge Adams Granting companywide conditional certification for off-the-clock claims based on declarations made by eight employees.)[3]

---

[3] *See also Isaacs v. One Touch Direct, LLC*, Case No. 8:14-cv-01716t-JSM-JSS D.E. 66 (M.D. Fla. Jan. 20, 2015), attached as **Exhibit G** (Granting conditional certification for off-the-clock allegations companywide in Florida based on declaration of Plaintiff and two opt-in Plaintiffs.); *Simpkins v. Pulte Home Corp.,* 2008 WL 3927275 (M.D. Fla. Aug. 21, 2008) (granting plaintiff's motion for conditional certification nationwide); *Reese v. Kimerbly Credit Counseling, Inc.*, 06-80505-CIV-PAINE/JOHNSON, DE 71 (S.D. Fla. Dec. 24, 2006), attached as **Exhibit H** (finding affidavit of one named plaintiff and three opt-in plaintiffs, coupled with one prior lawsuit against the same Defendant for the same overtime violations to be sufficient for conditional certification of an FLSA collective action); *Palma v. MetroPCS Wireless, Inc.,* 2013 WL 6597079 (M.D. Fla. 2013 Dec. 16, 2013) (granting plaintiffs' motion for conditional certification for a nationwide class where plaintiff presented declarations from seven opt-in plaintiffs that shared "common core allegations"); *Jewel v. Aarons, Inc.*, 2012 WL2477039 at *8 (N.D. Ga. June 28, 2012) (certifying a nationwide class where declarants indicated the same FLSA violations that were happening to them, was likely occurring at other stores); *Vaccaro v. Candidates on Demand Group, Inc.*, 2008 WL 1711536 (S.D. Fla. April 10, 2008) (certifying a

Because Defendants' Event Staffing Personnel were/are all compensated in the same manner and Defendants applied the same policy and practices to all of them, they all suffered and continue to suffer from the same class-wide wage and hour violations alleged herein. Plaintiff and opt-in Plaintiffs' claims are typical of the claims of other former and current Event Staffing Personnel employed by Defendants and typical of the claims of all members of the representative class identified.

Defendants' unlawful compensation policies applied to all members of the defined class of Event Staffing Personnel, therefore warranting conditional certification to facilitate notice to putative collective members. Based upon the record evidence presented to date, Plaintiffs have demonstrated that all of Defendants' Event Staffing Personnel are "similarly situated" because:

(a) they all had the same title of "Event Staffing Personnel" a/k/a "Event Security;" "Event Parking" and/or "Event Staffing"
(b) they all performed nearly identical job duties on a day-to-day basis providing services at an organized event such as concerts, conventions, fairs, sports events, and more for Defendants;
(c) they are all compensated on an hourly basis;
(d) Defendants failed to compensate all Event Staffing Personnel their hourly compensation for all hours worked over 40 pursuant to Defendants' Policy; and

Simply put, all other Event Staffing Personnel within the defined collective are owed full and proper payment of their overtime wages and the right to participate in this litigation. Plaintiffs have also sufficiently demonstrated the fact that the potential Opt-in Plaintiffs would want to opt-in by virtue of the fact that three opt-in Plaintiffs have joined the Plaintiff and

---

nationwide class where Plaintiff presented three declarations that demonstrated the putative plaintiffs worked for Defendant "performing similar tasks and suffering from the same alleged improper payment practices); *Riddle v. Suntrust Bank*, 2009 WL 3148768 (N.D. Ga. Sept. 29, 2009) (allowing nationwide notice to potential class members where there were three opt-in

attest to the fact that they were joined by other coworkers who collectively complained of Defendants' payment policies who demonstrated interest in joining. *See Johnson*, Case No. 3:03-cv-00732-HLA-HTS D.E. 36 p. 3 (Judge Adams explains: "In *Dyback v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991), the Eleventh Circuit also required that Plaintiffs show that the potential opt-in Plaintiffs would want to opt-in. Plaintiffs have sufficiently carried that burden, as well; the number of plaintiffs who have already joined this suit, along with the statements of three of the declarants that they and their co-workers had asked for overtime and there requests were denied, are sufficient.").

Defendants' compensation/record-keeping policies and practices are common to all Event Staffing Personnel in the defined class who worked and/or continue to work for Defendants. Therefore, Plaintiff seeks this Court's authorization to facilitate notice to each of Defendants' Event Staffing Personnel in the defined collective who are/were subjected to the illegal pay practices described above at any time within the last three (3) years preceding the filing of this motion to Certify the Collective Class. Plaintiff further requests that he be permitted to give such notice as approved by this Court to all such class members concerning their rights to opt-in to this litigation by executing the appropriate consent as required by Section 216(b) of the FLSA. The declaration of the Plaintiffs and exhibits attached to this Motion clearly establish that Defendants' other Event Staffing Personnel in the defined collective had nearly identical duties, were paid in the same manner and were uniformly subjected to Defendants' illegal pay practices described above. Thus, conditional certification and notice is appropriate.

---

plaintiffs who alleged they were subject to a common practice of not receiving overtime pay for hours worked over 40 in a week in violation of the FLSA)

## II.   APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013); *Anderson*, 488 F.3d 945 fn. 3.

In *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court determined that trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, which included sending court-authorized consent forms to potential plaintiffs by implementing 29 U.S.C. §216(b) to facilitating notice to potential plaintiffs. *Id.* at 169-70. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *Id.* "Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute." *Id.* at 171. Thus, "it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.* "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 172. Additionally, the benefits of the collective action provisions of 29 U.S.C. §216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.* at 170.

### a.   *At this Stage, the Eleventh Circuit Requires Only Minimal Evidence to Support Conditional Class Certification of a Class of Similarly Situated Workers.*

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees

similarly situated." 28 U.S.C. § 216(b).  Because the statute only requires that employees be

"similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a

lower burden than those seeking to certify a class action under Rule 23, Fed.R.Civ.P.  *See* 28

U.S.C. § 216(b); *Anderson*, 488 F.3d at 953.  As the Eleventh Circuit Court of Appeals

explained:

> For an opt-in class to be created under section 216(b), an employee need only
> show that he is suing his employer for himself and on behalf of other
> employees "similarly situated."  "[P]laintiffs need show only 'that their
> positions are similar, not identical,' to be the positions held by the putative class
> members."

*Grayson v. K Mart*, 79 F.3d 1086 n. 12 (11th Cir. 1996)(quotations omitted).  The FLSA does

not define the term "similarly situated."  *See* 28 U.S.C. § 216(b).  The Eleventh Circuit has

noted that courts should consider whether the employees are similarly situated "with respect to

their job requirements and in regards to their pay provisions."  *Daybach v. State of Fla. Dep't*

*of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991).  "For an opt-in class to be created under

section 216(b), an employee need only show that he is suing his employer for himself and on

behalf of other employees 'similarly situated'"  *Grayson*, 79 F.3d at 1096.  "[A] unified policy,

plan, or scheme . . . may not be required to satisfy the more liberal 'similarly situated'

requirement of § 216(b)."  *Id.* at 1095.  Thus, employees are indeed similarly situated when

there is a "unified policy, plan, or scheme," but a "unified policy, plan, or scheme," is not a

requirement in order for the Court to lawfully conditionally certify a class under § 216(b).  *See*

*id.*  In *Grayson*, the Eleventh Circuit held that the allegations, affidavits, and depositions that

were offered by the Plaintiff were "more than sufficient" to meet the "similarly situated

standard found in § 216(b)," therefore indicating that the Court could have conditionally

certified the class if it had been presented with a record that had been less dense. *See id* at 1095-96.

Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the employees they seek to represent. *Morgan*, 551 F.3d at 1260 ("[w]hile not requiring a rigid process for determining similarity, we have sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase"). "The first step of whether a collective action should be certified is the notice stage. This first step is also referred to as conditional certification since the decision may be reexamined once the case is ready for trial." *Id.* at 1260-61. "The second stage is triggered by an employer's motion for decertification." *Id.* at 1261.

At the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Id.* at 1260. At that point, the certification is only conditional and by no means final. *See Anderson*, 488 F.3d at 952. "[P]laintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members." *Grayson*, 79 F.3d at 1096. During the first stage, "[b]ecause the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F. 3d 1207, 1213 (5th Cir. 1995)). The Court's first determination is "usually based only on the pleadings and any affidavits which what been submitted." *Hipp*, 252 F.3d at 1218. Once the District Court makes its determination to conditionally certify the class, "putative class members are given notice and the opportunity to opt-in." *Id.* "The action proceeds as a representative action throughout discovery." *Id.*

"The second stage is triggered by an employer's motion for decertification." *Morgan*, 551 F.3d at 1261.  Due to the fact that the majority of discovery has taken place "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Morgan*, 551 F.3d at 1261.  As such, the "second stage is less lenient, and the plaintiff bears a heavier burden." *Id.*  This case is at Stage I, the "notice stage", and as such, Plaintiffs have amply met their burden.

**b.** ***Plaintiff Demonstrates a Reasonable Basis for Conditional Certification of a Collective Action.***

Here, there are questions of law and fact common to Defendants' other Event Staffing Personnel and the claims of the Plaintiff.  Indeed, Plaintiffs' claims are typical if the claims of the other individuals in their position and fall within a defined collective.  As indicated above, based on the allegations in the Collective Action Complaint and the four (4) attached declarations, Plaintiffs more than meet their burden to facilitate notice.  Here, Defendants employ similarly situated Event Staffing Personnel who are/were subjected to the same timekeeping and pay practices that are applicable to all Event Staffing Personnel within the defined class.  To that end, Defendants employed, and continue to employ Event Staffing Personnel companywide who suffer under the same illegal pay practices.

In this matter, Plaintiffs have presented evidence that meets or exceeds what courts in this district and throughout the country have deemed sufficient for companywide conditional certification of an FLSA collective action. *See Angione et. al. v. PSS World Medical, Inc. et. al.*, Case No. 3:02-cv-854-J-25TEM D.E. 49 p. 3 (M.D. Fla. February 21, 2003), attached as **Exhibit E**. (Judge Adams granting nationwide conditional certification based on eight affidavits for company with 45 offices nationwide.)[4]  Here, the sworn declarations provided

---

[4] *See also Collado v. J. & G. Transport, Inc*., 2014 WL 5390569 (S.D. Fla. Oct. 23 2014)

under penalty of perjury by current and/or former Event Staffing Personnel who worked in Florida that the companywide policy was stated to them by Defendants' officer/owner Scott A. Hamilton and Human Resources Director.  This evidence is sufficient to demonstrate the existence of a companywide policy for purposes of conditional certification.  Plaintiffs clearly satisfy the applicable burden of persuasion and presented enough evidence to determine that other Event Staffing Personnel similarly situated to Plaintiff exist, and conditional certification and notice to these individuals is warranted.

Based on the allegations in the Collective Action Complaint and the evidence set forth herein, Plaintiff easily exceeds the applicable burden of persuasion to determine that other similarly situated employees to Plaintiff exist, and conditional certification and notice are warranted.

### III.  FACTORS IRRELEVANT TO THE COURT'S CONSIDERATION

**a.  *The "Merits" of Plaintiff's Claims Are Not Considered When Determining Whether to Grant Notice.***

One of Defendants' efforts to defend against Plaintiff's claims will likely be based upon some contention that they properly paid their Event Staffing Personnel, or that they did

---

(grating Plaintiffs' motion for conditional certification where "[i]n support of the Motion, Plaintiffs offered two affidavits . . ."); *Sniffen v. Spectrum Indus. Servs.,* 2007 WL 1341772, at *2 (S.D. Ohio Feb. 13, 2007)(even under the more restrictive standard of a "modest factual showing," the "affidavits of the two named plaintiffs [show] that potential class members are similarly situated"); *see also Parr v. Hico Concrete, Inc.,* 2011 WL 3293391 (M.D. Tenn. Aug. 1, 2011)(certifying collective action based on declarations from three class members); *Bernal v. Vankar Enterprises, Inc.,* 2008 WL 791963, at *3 (W.D. Tex. March 24, 2008)(class of tipped bartenders conditionally certified based on plaintiff's complaint alleging an illegal tip pool and plaintiff's affidavit alone); *Barreda v. Prospect Airport Services, Inc.*, 2008 WL 7431307 (N.D. Ill. 2008)(certifying **companywide** collective action based on affidavits from only **one** location); *Kutzback v. LMS Intellibound, LLC* 2014 WL 7187006 (W.D. Tenn. Dec. 16, 2014) (granting nationwide conditional certification for approximately 28,000 putative members based on declarations and evidence of prior litigation and DOL investigation).

not commit the wage and hour violations alleged.  However, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta, Georgia*, 2006 WL 739572, at *4 (N.D. Ga. March 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated).[5]

In *Kreher*, the court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature, as the defendant suggested. *See Krehler,* 2006 WL 739572 at *4.  As such, the *Kreher* court concluded that although the plaintiffs' affidavits lacked some details, they established the existence of other employees who were employed in similar positions and subject to similar policies, warranting the court's decision to grant the plaintiffs' motion under the "fairly lenient standard" applied for conditional certification.[6]  Thus, setting Defendants'

---

[5] *Bernal v. Vankar Enterprises, Inc*., 2008 WL 791963, at *3 (allegations that bartender tip pool was illegal sufficient for conditional certification, notwithstanding employers contentions otherwise); *Shajan v. Baralo, Ltd*., 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) (At the conditional certification stage, "[w]eighing of the merits is absolutely inappropriate."); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . ..").

[6] *Krehler,* 2006 WL 739572 at *4; *see also Leuthold,* 224 F.R.D. at 468 ("Defendants' arguments in their opposition brief focus on the more stringent, second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.*, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003)("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F. Supp. 2d 660, 663 (E.D. Pa. 2001)("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.")

anticipated factual/legal arguments aside for purposes of Plaintiff's Stage I Motion, Plaintiff clearly has met his burden of proof on the "similarly situated" prong under *Khrer.*

**b. *Courts Do Not Consider the Need for Discovery During Stage I.***

Courts consistently recognize that discovery at the first notice stage is unnecessary for the similarly situated determination. *See Lloredo v. Radioshack Corp.,* 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in its notice stage determination); *Harrison v. Enterprise Rent-A-Car Co.*, 1998 WL 422169, at *13 (M.D. Fla. July 1, 1998) (holding that the fact that subsequent discovery may prove the original plaintiffs and opt-in plaintiffs are not after all "similarly situated" does not defeat conditional class certification).[7]

Moreover, discovery is not necessary because at this stage, courts do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance,* 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (further citation omitted); *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). In *Scott,* the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider defendant's arguments regarding the variation in specific job duties, locations,

---

[7] *See Schwed v. Gen. Elec. Co.,* 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]"). An examination of discovery is not appropriate because, at this stage, the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated." *See Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman,* 2003 WL 21250571, at *8 ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant.")

working hours, or the availability of various exemptions. *Scott*, 2006 WL 1209813, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *see also Moss v. Crawford & Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action."). Additionally, courts held that any individualized defenses are **not** considered at the Stage I analysis, but considered at Stage II decertification stage. *Simpkins*, 2008 WL 3927275, at *5 ("[I]ndividual factual analysis is saved for the second stage of certification").

Through the allegations in the Complaint and the declarations attached to this Motion, Plaintiff has provided sufficient evidence to warrant notice of this lawsuit be sent to all Event Staffing Personnel employed by Defendants. Because the "similarly situated" determination at the notice stage is preliminary, Defendants will not be prejudiced by the facilitation of notice because they can later argue that Plaintiff, opt-in Plaintiffs, and the putative class members are not in fact "similarly situated" enough to proceed collectively to trial once discovery is complete.

## IV.  PLAINTIFF'S NOTICE IS ACCURATE AND SHOULD BE E-MAILED AND POSTED AT THE DEFENDANTS' FACILITY AS WELL AS MAILED.

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann- La Roche,* 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action and should be adopted. To that end, Plaintiff requests he be permitted to email the Class Notice and Consent to Join Form to all Event Staffing Personnel within the defined class, in addition to mailing same via first-class mail. E-mail notice is the new norm of communication, serves to further the broad remedial purpose of the FLSA, and has widely been adopted by

courts throughout the country. *See Alequin v. Darden Rests., Inc.,* No. 12–61742–CIV, 2013 WL 3945919 (S.D. Fla. July 31, 2013) (noting that the Southern District of Florida commonly approves e-mail notice to potential opt-in class members in FLSA cases); *Williams v. Coventry Health Care of Florida, Inc.*, 2016 WL 7013530 at * 1 (M.D. Fla. Oct. 4, 2016); *Collado v. J. & G. Transp., Inc.,* 2014 WL 5390569 at * 6 (S.D. Fla. Oct. 23, 2014).[8]

In addition, Plaintiff requests that notice and consent to join be posted in a conspicuous location in each of Defendants' business offices where putative class members are expected to frequent. As recognized previously by this court, "requests[to post notices] are routinely granted and the Court sees no reason to divert from that standard of practice in this case." *Scheall* v. NICAEA Acad., Inc., 2015 WL 3991041, at *3 (M.D. Fla. June 30, 2015) (citing *Fiore v. Goodyear Tire &Rubber Co.*, 2011 WL 867043, at *4 (M.D. Fla. Mar. 10, 2011)); *see also Compagnone v. DL Pool Service, LLC* Case No. 2:15-cv-647-Ftm-99MRM D.E. 48 (M.D. Fla. Nov. 11, 2016), attached as **Exhibit F**.

### a.   *A Reminder Notice Postcard is Appropriate.*

---

[8] *Lewis v. Huntington Nat. Bank*, 2011 WL 8960489, at *2 (S.D. Ohio June 20, 2011) ("The addresses on file for [former employees] may or may not continue to be accurate, and using a second mode of communication will help ensure that all of these potential plaintiffs will receive at least one copy of the Notice Package."); *see also Phelps v. MC Communications, Inc*., 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) ("The Court will permit Plaintiffs to email the notice to those employees for whom Defendants have email addresses, as well as send it by first class mail. Email is an efficient, reasonable, and low-cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees."). Many courts have previously authorized notice via email in FLSA cases, given the statute's remedial purpose and the goal of transmitting the notice to as many potential class members as possible. Moreover, as another court recently held, "[t]here is no sound reason not to do so here." *Butler v. DirectSAT USA, LLC*, 2012 WL 1203980, at *2 (D. Md. Apr. 10, 2012); *see also Denney v. Lester's, LLC*, 2012 WL 3854466, at *4 (E.D. Mo. Sept. 5, 2012) ("[T]he Court finds fair and proper notice to current and former servers will be accomplished by regular mail, electronic mail, and postings in Defendants' break rooms.") (citing *O'Donnell v. Sw. Bell Yellow Pages, Inc.,* 2012 WL 1802336, at *4

Similar to the email transmission of the Notice, a reminder notice postcard is appropriate as well. Indeed, courts have repeatedly permitted such a reminder notice, because it ensures that putative class members are aware of their rights and the time within which to exercise same. *See Martinez v. DHL Express (USA) Inc.*, 2016 U.S. Dist. LEXIS 14304 (S.D. Fla. Feb. 5, 2016).[9] In light of the FLSA's remedial purposes and the many cases explicitly approving a reminder notice, this Court should permit Plaintiff to send the putative class a reminder notice postcard to ensure they are aware of their rights and the applicable deadlines within which to exercise them. Accordingly, Plaintiff requests that he be permitted to transmit a reminder notice postcard to the putative class at the halfway point of the Notice Period.

### b.  *A Ninety-Day Notice Period is Appropriate.*

Notice periods may vary, but many courts around the country have authorized up to a one hundred twenty (120) day opt-in period for collective actions. Here, in line with many other courts, Plaintiff respectfully request that the Court give putative class members ninety (90) days to return their consent to join forms and opt in to the case. Courts, including the Middle District of Florida, have routinely held that a ninety (90) day notice period is appropriate in FLSA cases. *See, e.g., Fiore v. Goodyear Tire & Rubber Co.*, 2011 WL 867043,

---

[9] *See Hargrove v. Ryla Teleservices, Inc.,* 2012 WL 463442, at *1 (E.D. Va. Feb. 13, 2012) (authorizing plaintiffs' counsel to send a reminder letter to putative class members if responses were not received by plaintiffs within thirty days from the issuance of the original notice."); *Swarthout v. Ryla Teleservices, Inc.,* 2011 WL 6152347, at *5 (N.D. Ind. Dec. 12, 2011) (same); *Graham v. Overland Solutions, Inc.,* 2011 WL 1769737, at *4 (S.D. Cal. May 9, 2011) (approving reminder postcard to individuals who have not returned the opt-in forms); *Gee v. Suntrust Mortg., Inc.,* 2011 WL 722111, at *4 (N.D. Cal. Feb. 18, 2011) ("Plaintiffs' counsel may mail a reminder notice forty-five days after issuance of the first notice."); *Harris v. Vector Marketing Corp.,* 716 F.Supp.2d 835, 847(N.D. Cal. 2010) ("Particularly since the FLSA requires an opt-in procedure, the sending of a [reminder] postcard is appropriate."); *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1126 (E.D. Cal. 2009) (ordering third-party administrator to send reminder notice, because, "[t]hese procedures provide the best possible notice to the Class Members.")

at *4 (M.D. Fla. March 10, 2011) (setting notice period at 90 days).[10]   In line with this authority, Plaintiff respectfully request that the Court set the notice period at 90 days in this case.

### V.   NOTICE SHOULD BE GIVEN WITHIN A THREE-YEAR STATUTE OF LIMITATIONS PERIOD

Notice within a three-year statute of limitations period is appropriate in this case. The FLSA allows Plaintiff to collect damages within a three-year statute of limitations if they can show that Defendants' violation of the FLSA was "willful" – meaning the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Whether Defendants' violations of the FLSA were willful is an issue going to the merits of the case and not whether notice should be issued to potential claimants. *See Villatoro v. Kim Son Restaurant, L.P.,* 286 F.Supp.2d 807, 811 (S.D.Tex.2003).  The facts concerning willfulness must be elicited during discovery, and Defendants may challenge the three-year statute of limitations again at an appropriate time. Regardless, notice should go to all individuals who were employed by Defendants during the three-year period preceding the Court's ruling on the instant Motion. *See Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937 (W.D. Ark. 2007).

---

[10] *See Ballew v. Lennar Corp.,* 2008 WL 4218137, at *1 (M.D. Fla. Sept. 11, 2008) ("The Court further finds the 90 day period to be reasonable…"); *Gandhi v. Dell, Inc.*, 2009 WL 3427218, at *2 (W.D. Tex. Oct. 20, 2009) ("Ample authority suggests that 90 days is a reasonable amount of time to allow potential plaintiffs to opt in."); *Wass v. NPC Intern., Inc.,* 2011 WL 1118774, *5 (D. Kan. March 28, 2011) (denying the defendant's request to shorten the opt-in period to fewer than ninety days); *Calderon v. Geico Gen. Ins. Co.,* 2011 WL 98197, at *2, 8–9 (D. Md. Jan.12, 2011) (authorizing a ninety-day notice period); *Pereira v. Foot Locker, Inc.,* 261 F.R.D. 60, 68–69 (E.D. Pa. 2009) (finding a ninety-day opt-in period to be reasonable); *Shipes v. Amurcon Corp.*, 2012 WL 1720615, at *4 (E.D. Mich. May 16, 2012) (overruling defendant's objections to a 90 day opt-in period); *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III),* 2012 WL 3308880, at *29 (S.D. Tex. Aug. 10, 2012) (approving 90 day opt-in period); *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868, at *1 (S.D. Ohio June 16, 2008)

**VI.     LIMITED DISCOVERY OF NAMES AND CONTACT INFORMATION OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE**

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (compelling defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because lists are necessary to facilitate notice. *See Hoffmann-La Roche,* 493 U.S. at 165; *Anglada v. Linens 'N Things, Inc.,* 2007 WL 1552511, at *7 (S.D.N.Y. May 29, 2007); *Henry v. Quicken Loans, Inc.,* 2006 WL 2811291, at *7 (E.D. Mich. Sept. 28, 2006); *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006); *Dietrich v. Liberty Square,* 230 F.R.D. 574, 581 (N.D. Iowa 2005).[11] Thus, if this Court grants Plaintiff's Motion, the Court should also order Defendants provide Plaintiffs with a list of all putative class members' names, addresses, phone numbers, social security numbers,[12] and e-mail addresses to carry out notice.

---

(approving 90 day opt-in period); *Hernandez v. Two Bros. Farm, LLC*, 2008 WL 4613069, at *2 (S.D. Fla. Oct. 15, 2008) (approving 90 day opt-in period).

[11] The names, phone numbers, emails, and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and former Field Collection Agents are critical fact witnesses to this lawsuit. *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Franco v. Bank of America Corp.*, 691 F.Supp.2d 1324 (M.D. Fla. 2010) (granting plaintiff's motion to compel discovery of names of potential similarly situated employees); *Disimone v. Atlas Service, Inc.*, 2009 WL 5166262 (S.D. Fla. 2009) (ordering defendant to produce a list of plaintiffs' co-workers prior to conditional certification).

[12] Social Security numbers are necessary to effectuate notice so that class members' names can

**CONCLUSION**

Given the broad remedial provisions of the FLSA, coupled with the incredibly lenient standard for conditional certification, Plaintiff's allegations and declarations, along with all of the additional declarations and exhibits attached to this Motion, more than satisfy Plaintiff's relatively light burden of showing this Court that "there are [similarly situated] persons … who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 1096, 1101 (M.D. Ala. 2003).

**WHEREFORE**, Plaintiff, BRADLEY BERNARD, on behalf of himself and similarly situated individuals, respectfully request this Court issue an Order:

(i)       conditionally certifying a class of current and former Event Staffing Personnel who worked for Defendants from three years preceding the filing of this motion for conditional class certification;

(ii)      directing Defendants to produce to undersigned counsel within fourteen (14) days of the Order granting this Motion a list containing the names, the last known addresses, phone numbers, social security numbers, and e-mail addresses of putative class members who worked for Defendants from three years prior to the filing of this motion for conditional class certification;

(iii)     authorizing undersigned counsel to send notice and a reminder notice, in the form attached hereto as **Exhibit A**, to all individuals whose names appear on the list produced by Defendants' counsel by first-class mail and e-mail;

(iv)     requiring Defendants post a copy of the notice as approved by the Court, along with the Consent to become a Party Plaintiff attached to the notice, at each of Defendants'

---

be processed through the national change of address database to ensure the most up to date physical addresses.

locations at which such potential class members are employed;

      (v)     providing all individuals whose names appear on the list produced by Defendants' counsel with ninety (90) days from the date the notices are initially mailed to file a Consent to Become Opt-In Plaintiff, in the form attached hereto as **Exhibit B**; and

      (vi)    any other relief that is just and appropriate.

<u>**CERTIFICATE OF GOOD FAITH CONFERRAL**</u>

      Plaintiff's counsel conferred with Defendants' counsel in a good faith effort to resolve this Motion prior to its filing, but Defendants Oppose the relief sought herein.

Dated this 24th day of August, 2023.


                      Respectfully submitted by:
                      **MORGAN & MORGAN, P.A**.

                      **By:** *<u>/s/ Bryan Arbeit</u>*
                      Bryan Arbeit, Esq.
                      FBN 1010329
                      Paul M. Botros, Esq.
                      FBN 063365
                      8151 Peters Road, Suite 4000
                      Plantation, FL 33324
                      Telephone:    (954) 318-0268
                      Facsimile:     (954) 327-3017
                      Email: pbotros@forthepeople.com
                      Email: barbeit@forthepeople.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of August 2023, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which I understand will

send notification of such filing to all counsel of record.

**By:** *<u>/s/ Bryan Arbeit</u>.*
        Bryan Arbeit, Esq.