**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No: 23-cv-81002-MIDDLEBROOKS

BRADLEY BERNARD, on behalf of
Himself and all those similarly situated,

    Plaintiffs,

v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, and SCOTT A. HAMILTON,

    Defendants.

_____/

**ORDER GRANTING CONDITIONAL CERTIFICATION
OF COLLECTIVE ACTION**

    THIS CAUSE comes before the Court on Plaintiff's Motion for Notice and Conditional Certification as a Collective Action. (DE 24). Subsequently the Parties' filed a Joint Stipulation and Proposed Order on Conditional Certification of Collective Action and Notice Procedures. (DE 30). Plaintiffs brought this collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover for unpaid wages owed. Plaintiff initiated this case on July 6, 2023. (DE 1).

    The provisions of the FLSA allow for an employee to bring a collective action for unpaid overtime compensation on behalf of himself and other employees similarly situated. *See* 29 U.S.C. 216(b). Accordingly, Plaintiffs brought this action on behalf of themselves and "all other similarly situated employees, current and former, of Defendants who worked for Integrated Event at any time during the three-year period before this Complaint was filed up to the present." (DE 1 at 2).

The "decision to create an opt-in class under §216(b) … remains soundly within the discretion of the district court." *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001). The overarching consideration is whether a group of employees exists who are similarly situated to the named Plaintiffs. *Morgan v. Fam. Dollar Stores, Inc.,* 551 F.3d 1233, 1260 (11th Cir. 2008). The Eleventh Circuit has sanctioned, but not required, a two-step process for district courts to employ. *Id.*

Here, the Parties have jointly stipulated to the pending Motion for Notice and Conditional Certification (DE 28). The Stipulation states that the Parties agree to establish collective action procedures, including the conditional certification of a FLSA collective action and the notice procedures for potential plaintiffs. (DE 28). Accordingly, it is hereby

**ORDERED AND ADJUGDED:**

1. Plaintiffs Motion for Notice and Conditional Certification (DE 24) is **GRANTED.**

2. The Court conditionally certifies this lawsuit as a collective action under the FLSA so that notice of this case may issue to the following Class:

    All current and former hourly-paid employees who worked for any of the Defendants providing Event staffing, parking, and security services at any Florida venue location, during the three years before this Complaint was filed and up to the present.

3. On or before **October 20, 2023**, Defendants shall furnish to Plaintiff's counsel a list of all persons in the Class, including (where available): full name, last known address, and e-mail address ("List").

4. On or before **October 27, 2023**, Plaintiff's Counsel shall mail by first-class mail and e-mail the Notice to all individuals whose name appears on the List. Plaintiff's counsel will provide written notice to Defendants' counsel of the date on which the notices are mailed.

5. Class members will have 60 days from the date the Notice is mailed to opt-in to the FLSA collective action by returning to Plaintiff's counsel their Consent to Join Form.

6. Halfway through the Notice period, Class Counsel will mail and email a reminder notice to the putative class members the form on the Docket attached as Exhibit C (DE 30-4).

7. In the event that Notice to particular Class member is undeliverable, Defendant shall provide the last known phone number and social security number of that Class member for Plaintiff's counsel to obtain an updated address and email address.

8. Upon receipt of a Consent to Join, Plaintiff's counsel shall file such Consent to Join within three (3) days and all Notices of Consent to Join must be filed by **December 29, 2023**, unless otherwise ordered by this Court.

9. Within twenty-one (21) days after a Consent to Join is filed, Defendant agrees to provide payroll and time records for the Opt-In Plaintiff.

10. On or before **December 29, 2023**, the Parties will submit a proposed order scheduling mediation to occur in January 2024. This mediation will supersede the in-person settlement requirement in the Order Setting the FLSA Schedule (DE 18).

11. Within three (3) days after the mediation, the Parties shall notify the Court of the outcome of the mediation and either submit a proposed order with deadlines to seek approval of the settlement or a proposed joint discovery plan to govern the remainder of the action.

**SIGNED** in Chambers at West Palm Beach, Florida this 12th day of October, 2023.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of Record