UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:23-cv-81002-DMM

BRADLEY BERNARD, on behalf of
himself and those similarly situated,

    Plaintiff,

v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, a Florida Limited Liability
Company, and SCOTT A. HAMILTON,
Individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff, BRADLEY BERNARD, on behalf of himself and all similarly situated collective action members, and Defendants, INTEGRATED EVENT AND PARKING SERVICES LLC, a Florida Limited Liability Company, and SCOTT A. HAMILTON, Individually, jointly move for approval of the FLSA collective action settlement in this matter. The parties have entered into a Settlement Agreement ("Settlement" or "Settlement Agreement") that resolves the claims alleged in this matter. The Settlement Agreement was reached after exchanging discovery and with the assistance of a court-certified mediator, Cathleen Scott. The Collective Action Settlement Agreement is attached as **Exhibit A.** For the reasons below, the Settlement is fair and reasonable and warrants this Court's approval.

Pursuant to the Settlement Agreement, Defendants will pay up to Thirty-Four Thousand Two Hundred Seventy-Nine dollars and Thirty-Six cents ($34,279.36) allocated to Plaintiff and Opt-In Plaintiffs based on the **full** amount of unpaid overtime premium and liquidated damages determined to be owed based on the time and payroll records (with a minimum of $100). Each Op-In Plaintiff has received an Opt-in Agreement and FLSA Release Form ("Opt-In Agreement") to accept, subject to court approval, the amount and release their wage claims per the Settlement Agreement. So far, 41 Opt-In Plaintiffs (including Plaintiff) have signed the Opt-in Agreement and FLSA Release Form constituting $30,449.60 of the total Settlement Sum. The Opt-In Agreements are attached as **Exhibit B**. Upon approval of the Settlement Agreement each Opt-In will receive a check representing their share of the Settlement. If an Opt-In Plaintiff does not sign the Opt-in Agreement, that Opt-In Plaintiff will be dismissed from the action without prejudice. As of this filing the following 16 Opt-In Plaintiffs have either elected not to sign the agreement or have been unresponsive: Ernst Butler, Elvia Canas, Cynaria Donaway, William Dorsey, Christopher Ford, Jalexia Jackson, Tennsang Lee, Adrianna Loatman, Joseph Mackinson, Aiden McLaughlin, Lena Mottley, Carlos Peavy, Hadley Thelemaque, Marcavia Williams and Maurice Williams. Plaintiff's counsel will continue to make efforts to reach the unresponsive Opt-In Plaintiffs and notify the Court if they elect to participate. If these Opt-In Plaintiffs have not done so by the time the Court grants settlement approval, the Parties agree that these Opt-In Plaintiffs should be dismissed from the action without prejudice.

The Settlement reflects the resolution obtained in the mediation conference held on January 4, 2024 with the assistance of court-certified mediator Cathleen Scott. Attorneys' fees and costs in the amount of Thirty Thousand Dollars ($30,000.00) were negotiated separate and apart from the Settlement Amount on behalf of the Plaintiff and Opt-In Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). The amount agreed upon for attorneys' fees and costs was based on the numbers of hours expended as of the mediation on January 4, 2024 (including time related to filing action, motion for conditional certification, discovery exchange, mediation preparation and over four-hour mediation) and the estimated hours to conclude the litigation. Assuming that this amount is 100 attorney hours (which it is likely in excess), that is an effective rate of $300/hr. This does not include the numerous paralegal hours (reviewing time sheets and payroll records to determine damages and communicating with the Collective about joining the lawsuit, settlement, and the status of the matter). There are an additional $867.16 in costs for the filing fee and mailing notice to the collective and there will be additional costs associated with distributing settlement payments, all which is inclusive of the $30,000. Considering the foregoing, and that the amount of fees was negotiated separately from the **full** amount of unpaid wages and liquidated damages being paid to

3

Plaintiff and the Opt-In Plaintiffs, the Parties request that the Court approval of the Settlement as fair and reasonable.

WHEREFORE, Plaintiff and Defendants jointly and respectfully request that this Court approve the terms of the Settlement Agreement.

Respectfully submitted this 20th day of February 2024.

| | |
|---|---|
| **By:** */s/ Bryan Arbeit, Esq*. <br> Bryan Arbeit, FBN 1010329 <br> Paul M. Botros, FBN 063365 <br> Morgan & Morgan, P.A. <br> 8151 Peters Road, Suite 4000 <br> Plantation, FL 33324 <br> Telephone:   (954) 318-0268 <br> Facsimile:    (954) 327-3017 <br> Email: pbotros@forthepeople.com <br> Email: barbeit@forthepeople.com <br><br> *Attorneys for Plaintiffs* | */s/ Gary A. Isaacs, Esq.* <br> Gary A. Isaacs, FBN 602663 <br> COHEN NORRIS WOLMER RAY TELEPMAN BERKOWITZ & COHEN <br> 712 U.S. Highway Once, Suite 400 <br> North Palm Beach, Florida 33401 <br> Telephone: (561) 844-3600 <br> Email: gai@cohennorris.com <br><br> *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

*/s/ Bryan Arbeit*
Bryan Arbeit

4