UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 23-cv-81002-MATTHEWMAN

BRADLEY BERNARD, on behalf of
himself and those similarly situated,

    Plaintiff,
v.

INTEGRATED EVENT AND PARKING
SERVICES LLC, a Florida Limited Liability
Company, and SCOTT A. HAMILTON,
Individually,

    Defendants.
_____/

## **ORDER ON JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

THIS CAUSE comes before the Court upon the parties' Joint Motion for Approval of Settlement ("Motion") [DE 52]. In their Motion, Plaintiff, Bradley Bernard, on behalf of himself and those similarly situated ("Plaintiff"), and Defendants, Integrated Event and Parking Services LLC, and Scott A. Hamilton ("Defendants"), seek an Order approving their settlement, dismissing this action with prejudice as to those Opt-In Plaintiffs who have elected to participate in the settlement, and dismissing this action without prejudice as to the non-participating Opt-In Plaintiffs. The parties have filed the settlement agreement between Plaintiff and Defendant and the opt-in agreements [DE 52-1; 52-2; 56-1].

The Court held a fairness hearing via Zoom video teleconference (VTC) on March 11, 2023, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff's claims alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. At the hearing, the parties' counsel represented that the settlement is fair and

1

reasonable and that Plaintiff and Defendants are in agreement with the terms of the settlement.

The Court has reviewed the Motion, the parties' and opt-in settlement agreements and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiff and the Opt-In Plaintiffs are receiving the full amount of unpaid overtime premium and liquidated damages based on the payroll and time records. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement, including the attorney's fees and costs, reached by the parties represents a reasonable, arm's length compromise by both sides and is fair and reasonable.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiff's FLSA claim and of the Opt-In Plaintiffs' claims to be fair and reasonable. The Court also finds that the settlement meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the parties' Joint Motion for Approval of Settlement Agreement [DE 52] is **GRANTED**.

2. The parties' settlement is **APPROVED.**

3. This case is DISMISSED WITH PREJUDICE with respect to Plaintiff Bradley Bernard and Opt-In Plaintiffs Alexus Adams, Alexis Albury, Misler Aleus, Michael Archer, Nelson Boyce, Shaundria Brown, Keaunte Bush, Elvia Canas, Ant'keria Crawford, Shanyia Davis, Follnesha Dent, Cynaria Donaway, Marvin Eberhardt, Yadissa Estefan, Alexis Felton, Denesha Felton, Kelveonia Felton, James Frazier, Christopher Ford, Nautica Harrold, Felix Henricy, Unique Hester,

Troy Hurt, Jerome Johnson, Shontisha Johnson, Richnesha Kelly, Ervina Lane, Irvin Lane Jr., Irvin Lane Sr., Janette Lane, Lillie Lane, Mymenchell Laurent, Jean Louis, Maricegon Louis, Aniyah McCall, La'quavya McCall, Cherisma McCoy, Gerardo Minsal, Tia Morgan, Bernaca Newton, Kemar Powell, Jada Service, Jennifer Service, Sherrie Shuller, Brianna Volcy, Iris Walker, Bridgette Wilburn, Katlyn Wilburn.

4. This case is DISMISSED WITHOUT PREJUDICE as to non-participating Opt-In Plaintiffs Ernst Butler, William Dorsey, Jalexia Jackson, Tennsang Lee, Adrianna Loatman, Joseph Mackinson, Aiden McLaughlin, Lena Mottley, Carlos Peavy, Hadley Thelemaque, Marcavia Williams and Maurice Williams.

5. The Court retains jurisdiction to enforce the terms of the parties' settlement for sixty (60) days, should such enforcement become necessary.

6. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 19th day of March, 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge